UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LIDEN LAND DEVELOPMENT AND EXCAVATION, INC, <br><br> Plaintiff, <br><br> v. <br><br> SAN JUAN GENERAL CONSTRUCTION, INC, et al., <br><br> Defendants. | CASE NO. C13-5775 BHS <br><br> ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS OR STAY PENDING ARBITRATION |

This matter comes before the Court on Defendant San Juan Construction, Inc.'s ("San Juan") motion to dismiss or stay pending arbitration (Dkt. 18). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On September 4, 2013, Plaintiff Liden Land Development ("Liden") filed a complaint against Defendants San Juan, Fidelity and Deposit Insurance Company of

ORDER - 1

Maryland ("Fidelity"), and A.W. Schell Electrical Services, Inc. ("Schell") asserting causes of action for breach of contract and payment bond and for fraudulent inducement and unfair trade practices. Dkt. 1 ("Comp.").

On November 20, 2013, San Juan filed a motion to dismiss or stay pending arbitration. Dkt. 18. On December 6, 2013, Liden responded. Dkt. 20. On December 9, 2013, Schell responded. Dkt. 22. On December 13, 2013, San Juan replied. Dkt. 25.

## II. FACTUAL BACKGROUND

San Juan is a prime federal contractor with the Department of the Navy, NAVFAC Northwest, for work on Naval Base Kitsap, Bangor, Silverdale, Washington. Comp. ¶ 2.1. Fidelity issued a Miller Act payment bond on San Juan's behalf. Comp. ¶ 2.2. San Juan executed a subcontract with Schell for certain related work. Dkt. 19, Declaration of John Theiss ("Theiss Decl."), Exh. A. The subcontract provides as follows:

> If a dispute arises out of or relates to this Agreement or its default, the parties shall endeavor to settle the dispute first through direct discussions. If the dispute cannot be resolved through direct discussions, the parties shall participate in mediation under the Construction Industry Mediation Rules of the American Arbitration Association (AAA) before recourse to Binding Arbitration under the Rules of the AAA. The administrative and mediator's costs of any mediation proceeding shall be shared equally by the parties participating.

*Id*. ¶ 29.

Schell executed another subcontract with Liden to furnish certain portions of the labor, materials, and supplies for the project on the Naval Base. Comp. ¶ 2.4. Liden alleges that it completed work totaling $423,294.13 under its subcontract and one change order. *Id*. ¶ 2.12. Liden alleges that Schell does not dispute the amount owed to Liden

(*id*. ¶ 3.8) and that San Juan has refused to pay Schell for Liden's work under the subcontract (*id*. ¶ 4.4). With regard to arbitration, this subcontract provides as follows:

> [Liden] and [Schell] expressly agree that any arbitration pursuant to this Section 13.4 may be joined or consolidated with any arbitration involving any other person or entity (I) necessary to resolve this claim, dispute or controversy, or (II) substantially involved in or affected by such claim, dispute or controversy. Both [Schell] and [Liden] will include appropriate provisions in all contracts they execute with other parties in connection with the Project to require such joinder or consolidation.

Dkt. 24, Declaration of Andrew Schell ("Schell Dec."), Exh. A, ¶ 13.4.4. San Juan, however, has failed to submit any evidence that the subcontract requires Liden and Schell's dispute to be joined with San Juan and Schell arbitration.

On December 5, 2013, almost two weeks after San Juan filed the instant motion, Liden and Schell entered into an agreement to waive the arbitration provision of their contract. Schell Dec., Exh. B. As a result of this agreement, Liden's claims against Schell and San Juan remain before the Court while Schell's claims against San Juan are subject to arbitration in Colorado.

### III. DISCUSSION

San Juan requests that the Court either dismiss the action or stay all claims pending arbitration. Dkt. 18 at 8. With regard to dismissal, there is no authority for the Court to rewrite the subcontract to require Liden's claims against San Juan to be joined in the mediation with Schell's claims against San Juan. Therefore, the Court denies San Juan's motion to dismiss the action pending arbitration.

With regard to a stay, the Court may exercise its discretion to stay litigation among non-arbitrating parties pending the outcome of the arbitration. *Moses H. Cone*

*Hospital v. Mercury Constr.*, 460 U.S. 1, 20 n.23 (1983).  San Juan has provided sufficient reasons to stay this action pending its arbitration because it appears that, once the San Juan/Schell dispute is resolved, Liden's claims will also be resolved.  Neither Liden nor Schell submit facts showing otherwise, and Liden's complaint even states that Schell does not dispute the amount Liden is owed.  Therefore, the Court grants San Juan's motion to stay this action pending arbitration.

### IV. ORDER

Therefore, it is hereby **ORDERED** that San Juan's motion to dismiss or stay pending arbitration is **DENIED in part** and **GRANTED in part** as stated herein.  The Clerk shall administratively close this case, and the parties are directed to notify the Court if the parties settle the dispute or if the case must be reopened.

Dated this 10th day of January, 2014.

BENJAMIN H. SETTLE
United States District Judge